UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CYNTHIA ISABELL,** | : |
| | : |
| Plaintiff, | : CASE NO. 3:18-cv-364 |
| | : |
| v. | : |
| | : |
| **THE TRUSTEES OF INDIANA UNIVERSITY** | : |
| and **TERESA DOBRZYKOWSKI, individually** | : |
| and in her official capacity as Assistant Dean of | : |
| IUSB College of Health Sciences, | : **COMPLAINT AND JURY DEMAND** |
| | : |
| Defendants. | : |

## INTRODUCTION

1. Plaintiff, Cynthia Isabell, brings this action against the Defendants, alleging that she was denied a teaching position by the Defendants because of her viewpoint about abortion and her expression of that viewpoint.

2. Defendants' conduct violated Plaintiff's clearly established rights secured by the United States and Indiana Constitutions, as well as federal and state statutes.

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988; 42 U.S.C. § 300a-7; Indiana Const. Art. 1, § 9; and Ind. Code Ann. § 16-34-1-6.

## JURISDICTION

4. This action arises under the United States Constitution, federal statutes, and Indiana law.

5. This Court has jurisdiction over Plaintiff's federal claims by operation of 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's claims for declaratory relief under 28

U.S.C. §§ 2201-02.  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the U.S. District Court for the Northern District of Indiana in that the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

7. Plaintiff, Cynthia Isabell, is a citizen of the United States and a resident of the State of Indiana.

8. Defendant, The Trustees of Indiana University (hereafter "Trustees"), is a state educational institution which, among other things, operates one of its campuses in South Bend, Indiana. The campus and institution are commonly referred to as Indiana University South Bend (hereafter "IUSB").  The Trustees, pursuant to state statute, may sue or be sued.

9. Defendant, Teresa Dobrzykowski, at all relevant times, was the Assistant Dean of Nursing at IUSB, was an agent, servant, and/or employee of IUSB, was a person acting under the color of state law within the meaning of 42 U.S.C. § 1983, and was acting within the scope of her official duties in deciding not to hire Plaintiff because of Plaintiff's viewpoint about abortion and her expression of that viewpoint. In so doing, Defendant Dobrzykowski violated Plaintiff's clearly established statutory and constitutional rights of which a reasonable person would have known. She is sued in her official and individual capacities.

## FACTUAL ALLEGATIONS

10. Plaintiff, Cynthia Isabell received her Bachelor of Science in Nursing from Wayne State University in 1980. She earned a Master of Science in Nursing degree from Eastern Michigan University in 2011, and a Doctorate in Nursing and Education from Madonna University in Livonia, Michigan, in 2016.

11. Plaintiff has worked as a staff nurse, primarily in obstetrics, at hospitals in Michigan and Indiana since 1980.

12. Plaintiff has taught nursing, primarily (but not exclusively) in the field of obstetrics, as an Adjunct Clinical Instructor at several institutions since 1998.

13. In 2016, Plaintiff applied for an adjunct faculty position at IUSB. She was hired by IUSB, initially to teach a physical assessment lab one day a week, but with the understanding that an Obstetrics instructor position would soon be opening because the current instructor would be leaving at the end of the semester.

14. Plaintiff's hire date at IUSB was August 1, 2016.

15. On August 12, 2016, Plaintiff published an internet article entitled "How a Formerly Pro-Choice Nursing Instructor Discusses Abortion with her Students." The article appeared, and still appears, at http://thetorchblog.net/?p=996 (last visited May 9, 2018.)

16. The main topic of Plaintiff's article was how she uses science, particularly anatomy, physiology and logical reasoning, when she discusses the controversial issue of abortion with her students.

17. Sometime in November 2016, Plaintiff was asked by IUSB to begin teaching both the clinical and lecture portions of the Obstetrics course, with the understanding that the job would be posted as a full-time position in January 2017.

18. In January 2017, Plaintiff applied for the full-time position of Instructor in Obstetrics, the same course she was already teaching at the request of IUSB since November 2016.

19. Plaintiff was interviewed for the position on January 30, 2017. The interview was conducted by Defendant Dobrzykowski and three other interviewers: Le Ann Lelime, Joyce McMahan Palmateer, and Barbara White.

20. In the course of the interview, Defendant Dobrzykowski asked questions of Plaintiff which led Plaintiff to conclude that Defendant had read and was familiar with Plaintiff's internet article. Specifically, Dobrzykowski asked Plaintiff how she would discuss controversial topics with her students and how she would use science in doing so.

21. One of the other members of the interview committee (who was not aware of Plaintiff's article) concluded that Dobrzykowski was asking about abortion and interjected that the position for which Plaintiff was applying had nothing to do with abortion. Dobrzykowski did not indicate in any way that the other interviewer's understanding of the subject of her question was incorrect.

22. On information and belief, Dobrzykowski did not ask the same or similar questions of the other (ultimately successful) candidate for the position.

23. Plaintiff was informed in late February 2017 that she was not hired for the position. On information and belief, the individual who was hired was significantly less qualified for the position than Plaintiff in terms of both academic credentials and teaching experience.

24. Several weeks after learning that she had not been hired, Plaintiff was told by Defendant Dobrzykowski that the only reason she was not hired was that she did not have teaching experience. This was despite the fact that Plaintiff had at least 17 years teaching experience, most of it in the field covered by the course she was applying to teach; moreover, the Defendants themselves had asked her to teach, and she was, in fact, currently teaching the same course. Upon information and belief, Defendant Dobrzykowski's stated reason for not hiring Plaintiff was a pretext for viewpoint discrimination.

25. On information and belief, it was Defendant Dobrzykowski who made the decision not to recommend hiring Plaintiff, which decision was subsequently reviewed and ratified by Karen Clark, the Dean of Nursing at IUSBut for Defendant Dobrzykowski's viewpoint discrimination, Plaintiff would have been offered the position.

26. On information and belief, Defendant Dobrzykowski, in addition to her position with IUSB, has an active Indiana Controlled Substance Registration which lists her practice address as: "Planned Parenthood of Indiana, 3005 Grape Road, Mishawaka, IN 46545."

27. On information and belief, Planned Parenthood of Indiana is an affiliate of the Planned Parenthood Federation of America, the nation's leading provider of abortions, and, among other things, an outspoken opponent of the enactment of laws that seek to protect the rights of medical professionals, such as Plaintiff, to opt out of participation in abortions for reasons of conscience.

28. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer economic and other damages and irreparable harm.

## CAUSES OF ACTION

## COUNT I

(VIOLATION OF THE U.S. CONSTITUTION – FREEDOM OF SPEECH)

29. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 28 above and incorporates those allegations herein by reference.

30. The First Amendment protects private speech from government interference, restrictions, or discrimination when the motivating ideology or viewpoint or perspective of the speaker is the reason for the restriction or discrimination.

31. Plaintiff's viewpoint about abortion, including her expression of that viewpoint, enjoys First Amendment protection.

32. Defendant Dobrzykowski, individually and in her official capacity with IUSB, unlawfully retaliated against Plaintiff and unlawfully deprived Plaintiff of her clearly established First Amendment rights in connection with Plaintiff's application for a position with IUSB by denying Plaintiff a full-time teaching position on the basis of Plaintiff's viewpoint on abortion and her expression of that viewpoint.

33. Wherefore, Plaintiff respectfully requests the relief set forth in the prayer for relief.

## COUNT II

(VIOLATION OF THE INDIANA CONSCIENCE STATUTE)

34. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 28 above and incorporates those allegations herein by reference.

35. The actions of the Defendants violate Plaintiff's clearly established rights under Indiana Code Ann. 16-34-1-6, which provides that "[N]o hospital or other person shall discriminate against or discipline a person because of the person's moral beliefs concerning abortion."

36. Wherefore, Plaintiff respectfully requests the relief set forth in the prayer for relief.

## COUNT III

### (VIOLATION OF THE INDIANA CONSTITUTION — FREEDOM OF THOUGHT AND SPEECH)

37. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 28 above and incorporates those allegations herein by reference.

38. The Defendants' actions in discriminating against Plaintiff because of her viewpoint about abortion and expression of that viewpoint in an internet article violated her clearly established rights under Article I, Sec. 9 of the Indiana Constitution.

39. Wherefore, Plaintiff respectfully requests the relief set forth in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A. A declaratory judgment that Defendants' actions violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, Indiana Constitution Art. 1, Sec. 9, and Indiana Code Ann. § 16-34-1-6; and

B. Monetary damages including punitive damages against Defendant Dobrzykowski for her actions done in her individual capacity in an amount to be determined by the jury; and

C. An injunction ordering the Defendant IUSB to post in its facilities, and distribute to all current employees and all applicants for future employment, written and digital notices regarding all Federal and Indiana state health care conscience and associated anti-

discrimination laws, specifically, those set forth by the U.S. Department of Health and Human Services on its website at www.hhs.gov/conscience/conscience-protections/index.html, as well as Indiana Code Ann. 16-34-1-6; and

D. Reasonable attorney's fees and costs as allowable under 42 U.S.C. § 1988 and other applicable statutes; and

E. Any and all further relief the Court deems just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 17th day of May 2018.

| | |
|---|---|
| Edward L. White III* | /s/ Francis J. Manion |
| Erik M. Zimmerman** | Francis J. Manion* |
| American Center for Law & Justice | Lead Attorney |
| 3001 Plymouth Road, Suite 203 | Geoffrey R. Surtees** |
| Ann Arbor, Michigan 48105 | American Center for Law & Justice |
| Tel. 734-680-8007; Fax 734-680-8006 | Post Office Box 60 |
| ewhite@aclj.org; ezimmerman@aclj.org | New Hope, Kentucky 40052 |
| | Tel. 502-549-7020; Fax 502-549-5252 |
| Carly F. Gammill** | fmanion@aclj.org; gsurtees@aclj.org |
| American Center for Law & Justice | |
| 625 Bakers Bridge Avenue, Ste 105-121 | * Admitted to N.D. Ind. Bar |
| Franklin, Tennessee 37067 | ** Pro hac vice application forthcoming |
| Tel. 615-599-5572; Fax: 615-309-8832 | |
| cgammill@aclj-dc.org | Counsel for Plaintiffs |